**EXHIBIT A**
**State Court Complaint**

# IN THE CIRCUIT COURT NO. ___ FOR CLARK COUNTY

## STATE OF INDIANA

BOARD OF FIRE TRUSTEES, UTICA
TOWNSHIP FIRE PROTECTION DISTRICT                                         PLAINTIFF

v.

UTICA TOWNSHIP VOLUNTEER FIRE FIGHTERS
ASSOCIATION d/b/a NEW CHAPEL EMERGENCY
MEDICAL SERVICE and NEW CHAPEL
VOLUNTEER FIRE COMPANY

    **Serve:**    The Law Office of Heather
                   Archibald-Peters, PC
                   Registered Agent
                   611 Watt Street
                   Jeffersonville, IN 47130

UTICA TOWNSHIP FIRE DEPARTMENT INCORPORATED
d/b/a NEW CHAPEL FIRE AND EMS, INC.

    **Serve:**    The Law Office of Heather
                   Archibald-Peters, PC
                   Registered Agent
                   611 Watt Street
                   Jeffersonville, IN 47130

JAMEY NOEL

    **Serve:**    c/o Scott County Jail
                   Jamey Noel
                   111 South First Street
                   Scottsburg, IN 47170

MISTY NOEL

    **Serve:**    Misty Noel
                   3001 Old Tay Bridge
                   Jeffersonville, IN 47130

KASEY NOEL

    Serve:    Kasey Noel
                    3001 Old Tay Bridge
                    Jeffersonville, IN 47130

KEVIN WILKERSON

    Serve:    Kevin Wilkerson
                    4104 County Line Road
                    Nabb, IN 47147

JOSEY NOEL

    Serve:    Josey Noel
                    3001 Old Tay Bridge
                    Jeffersonville, IN 47130

GRACY NOEL                                                       DEFENDANTS

    Serve:    Gracy Noel
                      3001 Old Tay Bridge
                    Jeffersonville, IN 47130

.

## **COMPLAINT**

Board of Fire Trustees, Utica Township Fire Protection District (herein "the District"), states as follows for its Complaint against Utica Township Volunteer Fire Fighters Association d/b/a New Chapel Emergency Medical Service and New Chapel Volunteer Fire Company (herein the "Association"), Utica Township Fire Department Incorporated d/b/a New Chapel Fire and EMS, Inc. (herein the "Department"), Jamey Noel (herein "Jamey"), Misty Noel (herein "Misty), Kasey Noel (herein "Kasey"), Kevin Wilkerson (herein "Wilkerson"), Josey Noel (herein "Josey"), and Gracy Noel (herein "Gracy"):

**INTRODUCTION**

1. The District is a municipal corporation within the meaning of the Constitution of Indiana and all general statutes.

2. The Association is an Indiana nonprofit corporation with a principal office address of 5820 Utica Pike, Jeffersonville, IN 47130.

3. The Department is an Indiana nonprofit corporation with a principal office address of 3718 Utica Sellersburg Road, Jeffersonville, IN 47130.

4. Jamey is an individual residing in Clark County, Indiana at 3001 Old Tay Bridge, Jeffersonville, IN 47130. Upon information and belief, Jamey is currently incarcerated at the Scott County jail.

5. Misty is an individual residing in Clark County, Indiana at 3001 Old Tay Bridge, Jeffersonville, IN 47130.

6. Kasey is an individual residing in Clark County, Indiana at 3001 Old Tay Bridge, Jeffersonville, IN 47130.

7. Wilkerson is an individual residing in Clark County, Indiana at 4104 County Line Road, Nabb, IN 47147.

8. Josey is an individual residing in Clark County, Indiana at 3001 Old Tay Bridge, Jeffersonville, IN 47130.

9. Gracy is an individual residing in Clark County, Indiana at 3001 Old Tay Bridge, Jeffersonville, IN 47130.

10. Whenever the term "Corporate Defendants" is utilized within this Complaint, such term collectively refers to and includes the Association and the Department.

11. Whenever the term "Individual Defendants" is utilized within this Complaint, such term collectively refers to and includes Jamey, Misty, Kasey, Wilkerson, Josey, and Gracy.

12. The Corporate Defendants and the Individual Defendants are sometimes hereinafter referred to collectively as "Defendants."

## JURISDICTION AND VENUE

13. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

14. This Court has both subject matter jurisdiction over the claims involved herein and personal jurisdiction over the parties named herein.

15. Venue is proper pursuant to Indiana Rule of Trial Procedure 75.

## FACTUAL ALLEGATIONS

16. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

17. The District was established for the purpose of providing fire protection and fire prevention services for Utica Township pursuant to I.C. § 36-8-11 *et seq*.

18. The District has the authority to levy taxes on real and personal property within its boundaries to pay for the construction, operation, and maintenance of the District's programs and facilities pursuant to I.C. § 36-8-11-15.

19. The District also has the authority to contract with volunteer firefighting companies to provide fire protection and fire prevention services pursuant to I.C. § 36-8-11-15.

20. In 1954, the Association was formed as a domestic nonprofit corporation to provide fire protection services under contract with the District.

4

21. In 2002, Jamey organized the Department as a domestic nonprofit corporation for the purported purpose of providing "the best fire protection and emergency medical services possible at all times."

22. Since their formation, the District has contracted with the Association and the Department to provide fire protection, fire prevention and related services (collectively, the "Services") to Utica Township.

23. In exchange for the Corporate Defendants' provision of the Services to Utica Township, the District funded the Association and the Department through monies received by way of annual taxes and donations (the "Funds").

24. The Association and the Department were to use the Funds to purchase or lease and maintain buildings to house firefighting equipment; to purchase fuel and oil; to purchase, maintain and insure firefighting vehicles; to purchase life, health and disability insurance for their employees and members; to provide gas and clothing allotments; to purchase emergency medical supplies; for education and training; for miscellaneous expenses necessary to the maintenance and operation of a quality and effective fire department; and for the provision of the Services in a professional and appropriate manner among other lawful uses in accordance with Indiana law.

25. The District further contracted to allow the Association and the Department to use real estate and improvements, including two fire stations, owned by the District (collectively, the "Premises"). In exchange, the Association and the Department agreed to perform the Services lawfully and effectively, and to refrain from using the Premises unreasonably or for any unlawful purposes, among other agreements. The Association and the Department further agreed that they would not assign any of their rights under agreements with the District.

26. At all relevant times, Jamey served as the CEO and/or President of the Association. Pursuant to the Association's bylaws, the Association cannot sell or loan its property without consent of the CEO.

27. Jamey was the incorporator, CEO, and/or Fire Chief for the Department.

28. On information and belief, while acting on behalf of the Association and/or the Department, Jamey used certain of the Funds for impermissible purposes.

29. On information and belief, while acting on behalf of the Association and/or the Department, Jamey made false statements and/or failed to provide sufficient information which resulted in the transfer of District owned vehicles and equipment, including without limitation fire trucks and fire engines (collectively, the "Equipment"), to one or more of the Corporate Defendants for insufficient consideration.

30. On information and belief, Jamey improperly traded, exchanged, or sold certain of the Equipment for other vehicles and/or cash proceeds that he converted to his personal use.

31. Pursuant to I.C. § 5-11-1-9, the Indiana State Board of Accounts ("SBOA") performed an examination of the books, accounts, and records of the Association and Department for the period of January 1, 2019 to December 31, 2023. The results of the examination were set forth in SBOA Special Investigation Report 844741 ("Audit Report") dated April 29, 2024.

32. The Audit Report disclosed malfeasance, misfeasance, and/or nonfeasance on the part of public officials, public employees, and/or other proper persons, including certain of the Defendants.

33. The Audit Report disclosed that public funds, including certain of the Funds provided by the District, were misappropriated, diverted, or unaccounted; illegally received;

6

illegally retained; obtained by fraud or in any unlawful manner; and/or wrongfully withheld from the public treasury.

34. The Audit Report further disclosed that certain of the Equipment provided by the District was improperly traded, exchanged, or sold and the funds received were misappropriated.

35. On May 10, 2024, the State of Indiana filed a Complaint (herein "the AG Complaint") against Jamey, Misty, Kasey, Wilkerson, Josey, and Gracy alleging multiple counts of malfeasance, misfeasance, and/or nonfeasance; tortious conversion; and seeking treble damages pursuant to Indiana's Crime Victims Relief Act.

36. While the Association and the Department are distinct legal entities, their similar names have caused confusion (intentionally or otherwise) and Funds and/or Equipment wrongfully obtained from the District have been commingled between the two entities.

37. The Association and the Department have through their wrongful actions and omissions deprived the District of certain Funds and/or Equipment without privilege, justification, or right.

38. Upon information and belief, the Individual Defendants have through their wrongful actions and omissions likewise obtained certain of the Funds and/or Equipment without privilege, justification, or right.

### COUNT I – TREBLE DAMAGES PURSUANT TO INDIANA'S CRIME VICTIMS RELIEF ACT – ALL DEFENDANTS

39. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

40. I.C. § 34-24-3-1 provides that if a party suffers a pecuniary loss as a result of a violation of several Indiana statutes, including those for theft and conversion, the party may bring a civil action against the person(s) who caused the loss for: (1) "an amount not to exceed three

times the actual damages of the person suffering the loss;" (2) court costs; (3) a reasonable attorney's fee; (4) other miscellaneous costs and expenses.

41. The District suffered direct pecuniary loss as a result of a violation by Defendants of I.C. § 35-43-4-2 and I.C. § 35-43-4-3 where they knowingly, intentionally, and wrongfully diverted the District's Funds and/or Equipment for unintended and unauthorized purposes and/or under false pretenses.

42. On or about November 8, 2023, Jamey was charged in a criminal matter under cause 10C01-2311-F5-000297 in Clark Circuit Court. In that matter, Jamey is charged with 25 criminal counts. More specifically, Jamey is charged with one count of Corrupt Business Influence/F5; two counts of Theft/F5; three counts of Theft/F6; four counts of Official Misconduct/F6; five counts of Theft/F5; and five counts of Tax Evasion/F6, pertinent in part to his actions and/or omissions on behalf of the Association and/or the Department.

43. On or about January 31, 2024, Misty was charged in a correlated criminal matter under cause 10C01-2401-F5-000029 in Clark Circuit Court. In that matter, Misty is charged with 10 criminal counts. More specifically, Misty is charged with five counts of Theft/F5; and five counts of Tax Evasion/F6, pertinent in part to her actions and/or omissions on behalf of the Association and/or the Department.

44. On or about March 6, 2024, Kasey was charged in a correlated criminal matter under cause 10C01-2403-F6-000230 in Clark Circuit Court. In that matter, Kasey is charged with 9 criminal counts. More specifically, Kasey is charged with five counts of Theft/F6; and four counts of Tax Evasion/F6, pertinent in part to her actions and/or omissions on behalf of the Association and/or the Department.

45. The District, is entitled to the relief described in I.C. § 34-24-3-1, including three times its actual loss in enhanced damages, plus court costs, and a reasonable attorney's fee.

### COUNT II - BREACH OF CONTRACT – CORPORATE DEFENDANTS

46. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

47. Corporate Defendants entered into one or more contracts with the District to provide the Services and use the Premises detailed hereinabove.

48. Notwithstanding the provisions of their respective contracts, Corporate Defendants used Funds from the District for purposes other than that intended by the District and/or permitted by applicable law and have otherwise by their actions and omissions failed to act in accordance with their contractual requirements.

49. Corporate Defendants' actions and omissions as set forth herein constitute a breach of the terms and conditions of the parties' agreements for which Corporate Defendants are liable under law.

50. As a result of Corporate Defendants' actions and omissions, the District has been damaged in an amount in excess of the jurisdictional limits of this Court and is entitled to recover all compensatory, consequential, and other damages allowed by law.

### COUNT III– UNJUST ENRICHMENT – ALL DEFENDANTS

51. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

52. By their acts and omissions as described above, in accepting certain Funds and/or Equipment provided by the District, Defendants have had a benefit unfairly conferred upon them.

53. Defendants received and wrongfully retained the benefit of the Funds and/or the Equipment for purposes other than for the furtherance of the provision of the Services to the public.

54. Misappropriating the Funds and/or the Equipment for unintended and unlawful purposes unjustly enriched the Defendants.

55. As a result of Defendants' actions, the District has been harmed and is entitled the return of the benefit wrongfully received.

56. The District has been damaged in an amount exceeding that necessary to invoke the jurisdiction of this Court, and it is entitled to an award of damages under law, including but not limited to compensatory and consequential damages, in addition to its costs and all attorney's fees permitted by applicable law.

### COUNT IV – CONVERSION – ALL DEFENDANTS

57. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

58. By their acts and omissions described above, Defendants intentionally and without legal right or privilege to do so deprived the District of certain Funds and/or Equipment.

59. Defendants have continued to exercise complete dominion over the District's Funds and/or Equipment without justification and have failed and/or refused to return same to the District despite this and previous demands for the same.

60. Defendants' acts and omissions constitute conversion for which the District is entitled to compensatory, consequential, punitive, and other damages allowed by law in addition to their court costs and all attorneys' fees authorized by applicable law.

## COUNT V – INJUNCTIVE RELIEF – CORPORATE DEFENDANTS

61. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

62. Since Defendant Jamey's incarceration, Corporate Defendants have continued and are continuing to sell the District's Equipment and/or leaseheld improvements, fixtures, appliances and other items located on the Premises (the "Fixtures").

63. Such property was obtained to enable the Corporate Defendants to provide the Services for the benefit of the public and/or the District and should remain upon the Premises indefinitely or at least pending a determination of the District's and/or the public's interest in the same.

64. The Fixtures furthermore are being offered for sale at far less than their fair market value.

65. Allowing the Defendants to continue to sell the Equipment and/or the Fixtures will result in immediate and irreparable harm to the District and to the public and removal of such property from the Premises will result in a substantial incalculable diminution of its value.

66. A preliminary injunction is necessary to preserve such property for public benefit and specifically the continued, uninterrupted provision of the Services to the public.

67. The District requests injunctive relief to enjoin the Corporate Defendants from trading, exchanging, or selling the Equipment and/or Fixtures, regardless of the manner in which such Equipment and/or Fixtures are currently titled.

## COUNT VI – NEGLIGENCE – CORPORATE DEFENDANTS

68. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

69. Defendants owed a duty of care to the District to use the Funds and Equipment for the purposes of providing the Services to the public.

70. Notwithstanding this duty, Defendants breached their duty to the District by misappropriating the District's Funds and/or Equipment; failing to provide the Services adequately; and/or rendering the Services negligently.

71. The District would not have incurred these damages but for the negligent actions or omissions of Defendants, and the damages are continuing.

72. As a result of same, the District is entitled to an award of damages, including but not limited to compensatory, consequential, and/or punitive damages under law, in addition to its costs and attorney's fees allowed by law.

### COUNT VII – FRAUD AND/OR FRAUD BY OMISSION – CORPORATE ENTITIES AND JAMEY NOEL

73. The District hereby incorporates by reference each and every averment set forth in the foregoing paragraphs of this Complaint.

74. Jamey, acting on behalf of the Association and/or the Department, made material representations in order unlawfully to achieve and/or permit the Association and/or Department to acquire the title to certain of the Equipment, and such transfers were made without proper authority and for insufficient consideration.

75. Jamey's material representations were false when they were made.

76. Jamey knew that such representations were false when made.

77. The District acted in reasonable reliance on Jamey's said misrepresentations to its detriment.

78. As a result of Jamey's actions and omissions, the District has been damaged in an amount in excess of the jurisdictional limits of this Court and is entitled to recover all compensatory, consequential, punitive, and other damages allowed by law.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the entry of judgment against Defendants, jointly and severally, as follows:

1. A judgment in favor of the District and against Defendants in an amount sufficient to compensate the District for all harm suffered by it as a result of the acts and omissions of the Defendants as set forth herein, including all compensatory, consequential, punitive, and other damages allowed by law;

2. Temporary and permanent injunctive relief and specific performance immediately prohibiting Defendants from selling any and all property, regardless of the manner in which such property is currently titled;

3. An award of pre-judgment and post-judgment interest at the maximum rate allowed by law until paid;

4. An award of all recoverable costs and attorney's fees incurred by the District in bringing and prosecuting this action; and

5. An award of all other relief to which the District appears entitled.

                                          Respectfully submitted,

                                          /s/ *H. Kevin Eddins*
                                          H. Kevin Eddins (#19784-10)
                                          Gregory L. Taylor (#19894-10)
                                          EDDINS DOMINE LAW GROUP, PLLC
                                          3950 Westport Road
                                          Louisville, Kentucky 40207
                                          Telephone: (502) 893-2350
                                          Facsimile: (502) 893-1949

keddins@louisvillelawyers.com
gtaylor@louisvillelawyers.com
*Counsel for Plaintiff*

14