IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| UTICA TOWNSHIP VOLUNTEER FIRE | ) | CASE NO. 25-90840-AKM-11 |
| FIGHTERS ASSOCIATION, *et al.* | ) | (Jointly Administered) |
| | ) | |
| Debtors | ) | CHAPTER 11 (SUBCHAPTER V) |
| | ) | |

**OBJECTION TO MOTION TO SELL PROPERTY**

Pursuant to Rule 6004(b), the Utica Township Fire Protection District (the "District"), a creditor in these jointly administered bankruptcy proceedings, hereby objects to the Debtors' motion to sell "four collectable muscle cars owned by the [Utica Township Volunteer Fire Fighters] Association."[1] Debtors' Motion relies upon and incorporates the Declaration of Matt Owen in Support of Chapter 11 Petitions and First Day Motions ("Declaration") [ECF No. 4] and asserts that the sale of these unencumbered vehicles is necessary to reduce Debtors' balance sheets and match their current and prospective circumstances. Debtors' Motion at ¶ 1. However, Debtors' Motion fails to explain how this may be accomplished by the sale of vehicles that Debtors concede are "not subject to any known liens." *Id.* at ¶ 3. Moreover, Debtors' Motion merely pays lip service to the bidding and notice procedures for the sale of these vehicles, proposing that they "be sold directly to John Jones, an auto dealer, without further consideration of competing bids or notice to the Court or parties-in-interest" based solely on Debtors' business judgment. *Id.* at ¶ 4. The District objects to the sale of these vehicles in this manner and to the proposed use of the proceeds from the sale.

---

[1] Debtors' Motion for an Order Authorizing the Private Sale of Certain Motor Vehicles to John Jones Salem Dealerships, Inc., Free and Clear of All Liens, Claims, Interests, and Encumbrances and Notice of Objection Deadline ("Debtors' Motion") [ECF No. 42] at ¶ 2.

As justification for the proposed sale of four collectible muscle cars, Debtors assert that "they are saddled with a fleet of vehicles that does not suit them." *Id.* at ¶ 1. They claim that the expense of maintaining this "bloated fleet" has crippled their cash flow, and that selling these vehicles "will eliminate purchase-money debts and generate cash to fund the Debtors' reorganization." *Id.* Further, they claim that eliminating the insurance and storage expenses associated with these four unencumbered vehicles (the "Property" as defined in Debtors' Motion) "will go a long way" toward accomplishing their goal of reducing their expenses to match their revenues. *Id.* at ¶ 42. Debtors' Proposed Order would allow the Debtors to "receive the proceeds of the sale and utilize them in a manner consistent with the Order Approving Interim Use of Cash Collateral [ECF No. 31]." However, a review of Matt Owen's Declaration and the Budget submitted with Debtors' First Day Motion for and Order Approving Interim Use of Cash Collateral [ECF 10-2] makes clear that the use of sale proceeds in this manner will simply prolong the inevitable. Debtors' current business model is unsustainable, and Debtors simply hope for some change of circumstances that would allow them to continue operations. Moreover, their current business model will not allow Debtors to continue operating as a nonprofit corporation,[2] and Debtors have not factored that additional expense for taxes into their analysis.

Matt Owen's Declaration submitted in support of Debtors' first day motions establishes that Debtors' current business is destined for failure. The only question is how long they may delay that. The Utica Township Volunteer Fire Department Incorporated (the "Department") is effectively out of business already. "The Department

---

[2] *See* 26 U.S.C. § 501(c)(4) (requiring that social welfare organizations be operated ***exclusively*** to promote social welfare which the IRS interprets to mean operating primarily to further the common good and general welfare of the community as a whole rather than select individuals).

does not generate any revenue." Declaration at ¶ 32. [ECF No. 4]. The Department's Current Business Income and Expenses [ECF No. 27] reflects no income whatsoever in the seven weeks preceding the filing of its bankruptcy petition. Indeed, the only income received by it is a transfer of $92,828.25 from the Utica Township Volunteer Fire Fighters Association (the "Association") which was used to repay a line of credit in the Department's name. *Id.* Although the Association has income, it is generating far less than necessary to meet its own Budget, which omits the expenses which Debtors seek to save by selling these vehicles. So, the Association's Budget is unaffected by the proposed sale at least in regards to reducing its expenses.

"The Association currently generates, on average, between $10,000 and $15,000 a week in revenue." Declaration at ¶ 32. [ECF No. 4]. That income is generated by billing insurance companies for transporting patients via ambulance because the Debtors no longer have any contracts to provide 911 services. *Id.* Yet, Mr. Owen also describes the payroll and other expenses the Association has even after dialing back its operations, and those exceed the Association's income even without paying insurance and other expenses related to its "bloated fleet" of vehicles. The Debtors pay their employees biweekly, and their wages, health insurance, and retirement contributions total $23,435.17 according to Matt Owen. *Id.* at ¶ 45. Thus, each week the Association's income is only $10,000, it loses more money than it recoups.

The Budget submitted with the Debtors' cash collateral motion paints a bleaker picture. [ECF No. 10-2]. The total vehicle-related expenses in the Budget are minimal. It includes a line item of only $300 each month for vehicle maintenance. According to Matt Owen's testimony during his Rule 2004 examination, there are two monthly

3

payments in the line for "Building Lease" that are related to vehicle storage, and those payments are for $500 and $700 monthly (which provides storage for all the Debtors' vehicles not in use and would not be eliminated by the sale of these four muscle cars). Otherwise, the Debtors' Budget does not include any payments related to the vehicles in its fleet.  There are no payments reflected to secured creditors Kansas State Bank, New Washington State Bank, Wells Fargo, or others.  Nor does the Budget reflect any payments being made to insure those vehicles.  Thus, the District is at a loss to understand how the sale of four unencumbered vehicles can help the Debtors eliminate insurance and storage expenses associated with the Property.  Debtors' Motion at ¶ 42. [ECF No. 42].  Regardless, even without accounting for those considerable expenses, the Debtors' Budget indicates that their cash on hand will be negative by Week 12, September 22, 2025.  [ECF No. 10-2].  Allowing the Debtors to sell these four vehicles and use the proceeds in the same manner as the cash collateral only delays that occurrence.

Debtors seek to add $260,000 to their coffers by selling these unencumbered vehicles to John Jones Salem Dealerships, Inc.  Based on Matt Owen's testimony and the payroll numbers in Debtors' Budget, that would allow Debtors to meet payroll for another 13 pay periods give or take, and that is without considering the other expenses from the Budget.[3]  Beyond that, though, Debtors can offer no definitive plan for their continued survival.  Instead, they offer only hope and conjecture that they may be able to secure additional contracts for the private transportation of patients sufficient to meet the

---

[3] In July, Debtors' Budget indicated they paid $33,500 in wages, with another $11,500 in withholdings, $7,805 for health insurance, and $22,307 in other insurance.  That totals $74,392 in expenses against what was projected as $58,000 in sales receipts, but Matt Owen testified the latter number was optimistic, and the Association generated far less revenue in July.  It also fails to account for the several other expenses in the Budget, including $3,650 in rent in addition to that paid for vehicle storage.

4

related expenses. Yet even that hope fails to account for the fact that Debtors' proposed business model going forward would not allow the Association to continue as a not for profit corporation.

WHEREFORE, the Utica Township Fire Protection District respectfully requests that the Court deny Debtors' Motion for an Order Authorizing the Private Sale of Certain Motor Vehicles to John Jones Salem Dealerships, Inc., Free and Clear of All Liens, Claims, Interests, and Encumbrances.

Respectfully submitted,

/s/ *Gregory L. Taylor*
Gregory L. Taylor
EDDINS LAW GROUP, PLLC
3950 Westport Road
Louisville, Kentucky 40207
Phone: (502) 893-2350
Facsimile: (502) 893-1949
E-mail: gtaylor@louisvillelawyers.com
*Counsel for the Utica Township*
*Fire Protection District*

## Certificate of Service

I hereby certify that on this 25th day of August 2025, a copy of the foregoing notice was sent by electronic means to all those receiving notice via the Court's CM/ECF system.

/s/ *Gregory L. Taylor*
EDDINS DOMINE LAW GROUP, PLLC